**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **NEKEDRA JONES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | _____ |
| **ALLIED WASTE SYSTEMS, INC.,** | § | |
| **AND REPUBLIC SERVICES, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**I.**

**INTRODUCTION**

Plaintiff Nekedra Jones files this Original Complaint against Defendants Allied Waste Systems, Inc. and Republic Services, Inc.

**II.**

**PARTIES**

1.     Plaintiff is an individual and a citizen of Dallas County, Texas.

2.     Defendant Allied Waste Systems, Inc. (Allied) is a foreign corporation with its principal place of business out of state.  Allied may be served with process, including summons and a copy of this lawsuit, by serving Allied's registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3.     Defendant Republic Services, Inc. (Republic) is a foreign corporation with its principal place of business out of state.  Republic may be served with process, including summons and a copy of this lawsuit, by serving Republic's registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### III.

### JURISDICTION

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts a claim arising under federal law.

5.      Defendants employee the requisite number of employees for coverage under the relevant federal acts upon which Plaintiff's claims are based.

### IV.

### VENUE

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Collin.

7.      Collin County lies within the Sherman Division of the Eastern District of Texas, as set forth in 28 U.S.C. § 124(c)(3).

### V.

### BACKGROUND FACTS

8.      Plaintiff worked for Defendants from September 2011 until she was wrongfully terminated on December 13, 2016.

9.      Starting in or around 2015, Plaintiff began working under Operations Manager Ricky Lewis, who transferred from Defendants' Arlington, Texas, location, to Defendant's Plano, Texas location.

10.     Lewis had a reputation, known throughout Defendants' operations, for harassing female coworkers and sleeping around.

11.     During Plaintiff's time working with Lewis, he made frequent unwanted sexual advances towards her, including referring to her as his "Beautiful Black Queen," and eventually going so far as to show Plaintiff a picture of his penis, which he did in November 2016.

12.     Plaintiff opposed Lewis' conduct and told him that it made Plaintiff uncomfortable.

13.     Less than a month after Plaintiff last told Lewis to stop harassing her, Lewis fired Plaintiff for allegedly combining her breaks, something Plaintiff had done for years and something Lewis knew Plaintiff had done for years.

## VI.

## CONDITIONS PRECEDENT

14.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and this Charge was duel filed with the Texas Workforce Commission.

15.     The Charge was filed within 180 days after the date on which the complained of employment practices were committed.

16.     More than 180 days have passed since the Charge was filed and no action has been taken.

17.     Plaintiff has timely exhausted all administrative remedies.

## VII.

## CAUSES OF ACTION

**A.   First Cause of Action—Sex Discrimination/Sexual Harassment—Hostile Work Environment—Title VII**

18.     Plaintiff incorporates each of the foregoing paragraphs.

19.     Defendants discriminated against Plaintiff because of Plaintiff's sex, and subjected Plaintiff to a sexually hostile work environment.

20.     Defendants knew or in the exercise of reasonable care and diligence should have known of Lewis' conduct.

21.     Lewis' conduct permeated Plaintiff's workplace with discriminatory intimidation, ridicule, and insult, and was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

22.     Defendants' actions violated 42 U.S.C. § 2000e-2(a).

**B.   Second Cause of Action—Sex Discrimination/Sexual Harassment—Quid Pro Quo—Title VII**

23.     Plaintiff incorporates each of the foregoing paragraphs.

24.     Defendants discriminated against Plaintiff because of Plaintiff's sex, and conditioned her continued employment on submission to Lewis' sexual advances.

25.     When Plaintiff refused to submit to Lewis' sexual advances, Lewis fired Plaintiff.

26.     Defendants' actions violated [42 U.S.C. § 2000e-2(a)].

**C.   Third Cause of Action—Wrongful Termination—Sex Discrimination—Title VII**

27.     Plaintiff incorporates each of the foregoing paragraphs.

28.     Defendants terminated Plaintiff's employment because of Plaintiff's sex-gender.

29.     Defendants' actions violated 42 U.S.C. § 2000e-2(a).

**D.      Fourth Cause of Action—Unlawful Retaliation—Title VII**

30.      Plaintiff incorporates each of the foregoing paragraphs.

31.      Plaintiff engaged in protected activity as set forth in 42 U.S.C. § 2000e-3(a).

32.      In response, Lewis retaliated against Plaintiff and fired her.

33.      Defendants' actions violated 42 U.S.C. § 2000e-3(a).

**E.      Fifth Cause of Action—Sex Discrimination/Sexual Harassment—Hostile Work Environment—TCHRA[1]**

34.      Plaintiff incorporates each of the foregoing paragraphs.

35.      Defendants discriminated against Plaintiff because of Plaintiff's sex, and subjected Plaintiff to a sexually hostile work environment.

36.      Defendants knew or in the exercise of reasonable care and diligence should have known of Lewis' conduct.

37.      Lewis' conduct permeated Plaintiff's workplace with discriminatory intimidation, ridicule, and insult, and was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

38.      Defendants' actions violated section 21.051 of the Texas Labor Code.

**F.      Sixth Cause of Action—Sex Discrimination/Sexual Harassment—Quid Pro Quo—TCHRA**

39.      Plaintiff incorporates each of the foregoing paragraphs.

40.      Defendants discriminated against Plaintiff because of Plaintiff's sex, and conditioned her continued employment on submission to Lewis' sexual advances.

41.      When Plaintiff refused to submit to Lewis' sexual advances, Lewis fired Plaintiff.

42.      Defendants' actions violated section 21.051 of the Texas Labor Code.

---

[1] Texas Commission on Human Rights Act.

**G.      Seventh Cause of Action—Sex Discrimination—Discriminatory Discharge—TCHRA**

43.      Plaintiff incorporates each of the foregoing paragraphs.

44.      Defendants discriminated against Plaintiff because of Plaintiff's sex, and terminated Plaintiff's employment because of her sex/constructively discharged Plaintiff because of her sex.

45.      Defendants' actions violated section 21.051 of the Texas Labor Code.

**H.      Eighth Cause of Action—Unlawful Retaliation—TCHRA**

46.      Plaintiff incorporates each of the foregoing paragraphs.

47.      Plaintiff engaged in protected activity as set forth in Texas Labor Code section 21.055.

48.      In response, Defendants retaliated against Plaintiff and ultimately terminated Plaintiff's employment.

49.      Defendants' actions violated section 21.055 of the Texas Labor Code.

## VIII.

## <u>DAMAGES</u>

50.      Plaintiff incorporates each of the foregoing paragraphs.

51.      Defendants' actions violated 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a), which entitles Plaintiff to recover from Defendants back pay, front pay, as well as pre-judgment and post-judgment interest.

52.      Plaintiff is also entitled to recover from Defendants compensatory damages as provided for under 42 U.S.C. § 1981a(a)(1).

53.     Because Defendants' actions were done with malice and/or reckless indifference to Plaintiff's federally-protected rights, Plaintiff is entitled to recover from Defendants punitive damages as provided for under 42 U.S.C. § 1981a(a)(1) and (b)(1.

54.     Plaintiff seeks all damages available under federal law.

55.     Defendants' actions also violated the Texas Commission on Human Rights Act, which entitles Plaintiff to recover from Defendants back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest.

56.     Because Defendants' actions were done with malice and/or reckless indifference to Plaintiff's state-protected rights, Plaintiff is entitled to recover from Defendants punitive damages.

57.     Plaintiff seeks all damages available under the TCHRA.

## IX.

## ATTORNEYS' FEES AND COSTS

58.     Plaintiff incorporates each of the foregoing paragraphs.

59.     Plaintiff retained the services of undersigned counsel to prosecute Plaintiff's claims.

60.     Pursuant to 42 U.S.C. § 2000e-5(k) and Texas Labor Code section 21.259, Plaintiff is entitled to recover a reasonable attorneys' fee from Defendants, including reasonable expert fees and costs.

## X.

## INJUNCTIVE AND DECLARATORY RELIEF

61.     Plaintiff incorporates each of the foregoing paragraphs.

62.     Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

a.     Prohibiting Defendants from engaging in unlawful discrimination;

b.     Reinstating Plaintiff's employment with Defendants with backpay;

c.     Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

d.     Paying court costs;

e.     A declaration that Defendants violated Plaintiff's rights under state and federal law, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

f.     Any additional equitable relief as the Court deems proper.

## XI.

## JURY DEMAND

63.     Plaintiff incorporates each of the foregoing paragraphs.

64.     Plaintiff demands a trial by jury.

## XII.

## CONCLUSION AND PRAYER

65.    Plaintiff respectfully requests that Defendants be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment awarding Plaintiff:

A.    Back pay and front pay (including benefits);

B.    Compensatory damages;

C.    Punitive damages;

D.    Injunctive and declaratory relief, including but not limited to, an Order:

    a.    Prohibiting Defendants from engaging in unlawful discrimination;

    b.    Reinstating Plaintiff's employment with Defendants with backpay;

    c.    Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

    d.    Paying court costs;

    e.    A declaration that Defendants violated Plaintiff's rights under state and federal law, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

    f.    Any additional equitable relief the Court deems proper;

E.    Courts costs;

F.    Pre-judgment and post-judgment interest at the rate set by law; and

G.    All legal or equitable relief this Court deems proper.

Respectfully submitted,

/s/ Matthew R. Scott
MATTHEW R. SCOTT
Texas Bar No. 00794613
matt.scott@scottperezlaw.com
JAVIER PEREZ
Texas Bar No. 24083650
javier.perez@scottperezlaw.com
CARSON D. BRIDGES
Texas Bar No. 24096758
carson.bridges@scottperezlaw.com
**SCOTT | PEREZ LLP**
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75202
214-965-9675 / 214-965-9680 (Facsimile)
**ATTORNEYS FOR PLAINTIFF**